

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

iERALD C. MANN
ATTORNEY GENERAL

June 14, 1939

Hon. Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. 0-967
Re: Is the scheme of the theatre
owner as described a violation
of Texas lottery laws?

Your request for an opinion on the above
stated question has been received by this department.

Your letter reads in part as follows:

"A theatre owner obtains a list of all
of the automobile license numbers issued in
his county, puts each such number on a separate piece of paper and places all of the various pieces of paper inscribed with such numbers in a large container. Each week one of
the papers is withdrawn from the container
before the theatre audience and if the person
whose license number is called happens to be
present in the theatre, he receives a cash
prize. Theatre patrons are not required to
register in any manner and the only consideration required is that the person whose automobile license number is called be in the theatre when same is called."

Article 654 of the Penal Code reads as follows:

"If any person shall establish a lottery
or dispose of any estate, real or personal, by
lottery, he shall be fined not less than one
hundred nor more than one thousand dollars; or
if any person shall sell, offer for sale or
keep for sale any ticket or part ticket in any



lottery, he shall be fined not less than ten
nor more than fifty dollars."

We quote from Texas Jurisprudence, Vol. 28, page
409 as follows:

"The term 'lottery' has no technical
signification in the law, and since our
statute does not provide a definition,
its meaning must be determined from popular
usage. According to that test, a lottery
is a scheme for the distribution of prizes
by lot or chance among those who have paid
or agreed to pay a consideration for the
right to participate therein, or the dis-
tribution itself."

The court in the case of Featherstone vs. Inde-
pendent Service Station Association, 10 SW 2nd 124 de-
fined a lottery as follows:

"A lottery for all practical purposes
may be defined as any scheme for the dis-
tribution of prizes, by lot or chance,
where one  on paying money or giving other
thing of value to another obtains a token
which entitles him to receive a larger or
smaller value or nothing, as some formula
or chance may determine."

The Federal Circuit Court of Appeals in the
case of Peek vs. United States, 61 F. 2nd 973, has given
a lottery the following definition:

"A scheme for the distribution of
prizes or things of value by lot or chance
among persons who have paid or agreed to
pay a valuable consideration for the change
to obtain a prize. A scheme by which a re-
sult is reached by some action or means
taken, in which results man's choice or will
has no part, nor can human reason,........
sagacity or design enable  him to know or



determine.....until the same has been ac-
complished."

The following have been held to be lotteries:

Punch boards; slot or vending machine;
the sale of boxes of candy, which contain
prizes; suit clubs, that is, clubs formed
by tailors for the distribution of clothes
by chance; and various games in mechanical
nature.

In the case, City of Wink vs. Griffith Amuse-
ment Company, 100 SW 2nd 695, it was held that the nec-
essary elements of a lottery are:

"Offering of a prize, award of prize
by chance, and giving of consideration
for opportunity to win prize."

In the case of Griffith Amusement Company,
vs. Morgan, 98 SW 2nd 844, it was held that the elements
essential to constitute a lottery are a prize in money
or thing of value, distribution by chance and payment,
either directly or indirectly, of a valuable consideration
for the chance to win the prize.

In the cases of State vs. Randle, 41 Tex. 296
and Holoman vs. State, 47 SW 850 it was held that any
scheme for the distribution of prizes by chance is a
lottery.

In view of the foregoing authorities, you are
respectively advised that it is the opinion of this de-
partment that the operation of the above described scheme
is a violation of the lottery laws of this state.

Trusting that the foregoing answers your inquiry,
we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

APPROVED
OPINION
COMMITTEE
BY

Ardell Williams
Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS